## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

ELIZABETH GRAY,                )
                               )    No. 2:14-cv-01207-DCN
              Plaintiff,       )
                               )
        vs.                    )
                               )    **ORDER**
AMERICAN HOMEPATIENT, INC.,    )
                               )
              Defendant.       )
_____)

    This matter is before the court on Magistrate Judge Bristow Marchant's Report and Recommendation ("R&R") that this court grant in part and deny in part defendant American HomePatient, Inc.'s motion to dismiss and grant its motion to strike. Plaintiff Elizabeth Gray ("Gray") filed objections to the R&R. For the reasons set forth below, the court adopts the R&R, grants in part and denies in part defendant's motion to dismiss, and grants defendant's motion to strike.

## I.  BACKGROUND

    This case arises out of alleged discriminatory employment practices by defendant American HomePatient, Inc. Gray alleges that she was hired by American HomePatient in or around July 2007. Compl. ¶ 8. In or around 2011, Gray's minor daughter was the victim of sexual molestation and criminal charges were brought against the perpetrator. Id. ¶ 16. Gray alleges that as a result, she was called to court numerous times and had to meet with the solicitor, victim advocates, guardian ad litems, and other court personnel. Id. ¶ 17. Gray contends that despite these absences from work, her performance met and exceeded American HomePatient's expectations. Id. ¶ 18.

1

Gray alleges that she was under a great deal of stress during this time and was diagnosed with uncontrolled high blood pressure and an anxiety disorder.  Id. ¶ 19.  Due to these conditions, she missed some work in 2013, for which she applied for leave pursuant to the Family Medical Leave Act ("FMLA").  Id. ¶ 20.  American HomePatient allegedly denied her FMLA leave request and instead issued "a letter in lieu of suspension on April 19, 2011 in response to her having to be out of work for court and medical conditions."  Id. ¶¶ 21-22.  Gray also alleges that her supervisors, Kelly Bratz and Tina Brown, communicated with her by text message in "an extremely harassing manner while [Gray] was attending a doctor's appointment requesting information about her appointment."  Id. ¶ 23.

Gray claims that she supplied American HomePatient with copies of subpoenas and letters from the solicitor, victim advocates, and others regarding her required court appointments, as well as doctors' notes for time missed due to illness.  Id. ¶¶ 24, 26. Despite receiving valid excuses for her absences, Gray alleges that American HomePatient continued to harass her about being out of work.  Id. ¶¶ 25, 27.  American HomePatient finally terminated Gray in December 2013.  Id. ¶ 28.

On April 1, 2014, Gray filed the instant action, alleging the following causes of action against American HomePatient:  (1) violation of public policy; (2) violation of the FMLA; and (3) breach of contract.  Gray seeks a variety relief, including compensatory and punitive damages.  On May 21, 2014, American HomePatient filed a motion to dismiss all of Gray's claims and a motion to strike various requested relief.  Gray responded on June 9, 2014 and American HomePatient filed a reply on June 19, 2014. The magistrate judge issued the R&R on October 24, 2014, recommending that the court

grant in part and deny in part the motion to dismiss and grant the motion to strike. Gray objected to the R&R on November 20, 2014[1] and American HomePatient filed a response on December 8, 2014. This matter has been fully briefed and is ripe for the court's review.

## II.  STANDARD OF REVIEW

### A.        Objections to R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). In absence of a timely filed objection to a magistrate judge's R&R, this court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636(b)(1).

---

[1] In her objections, Gray moves the court to allow her to amend her complaint pursuant to Federal Rule of Civil Procedure 15 and attaches an amended complaint. The amended complaint provides more detail regarding her claim for violation of public policy. The court grants her motion to amend.

**B.** **Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "Facts pled that are 'merely consistent with' liability are not sufficient." A Soc'y Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

## III.  DISCUSSION

As an initial matter, Gray does not object to the magistrate judge's recommendation that this court dismiss her claim for breach of contract and strike her request for punitive damages and treble damages under the FMLA. Moreover, American HomePatient does not object to the magistrate judge's recommendation that the court deny its motion to dismiss with regard to Gray's claim for violation of the FMLA.

Because the court finds no clear error on the face of the record, the court adopts the R&R as it relates to these issues and: (1) grants American HomePatient's motion to dismiss with regard to Gray's breach of contract claim; (2) denies American HomePatient's motion dismiss with regard to Gray's FMLA claim; and (3) grants American HomePatient's motion to strike various requests for relief.

Gray objects to the R&R on only one ground, arguing that the magistrate judge erred in dismissing her claim for violation of public policy. Pl.'s Objections 3.

Under South Carolina law, absent the creation of a specific contract of employment, employment is presumed to be at-will. Mathis v. Brown & Brown of S.C., Inc., 698 S.E.2d 773, 778 (S.C. 2010). An at-will employee may generally be terminated at any time for any reason or for no reason, with or without cause. Id. However, under the "public policy exception" to the at-will employment doctrine, "an at-will employee has a cause of action in tort for wrongful termination where there is a retaliatory termination of the at-will employee in violation of a clear mandate of public policy." Barron v. Labor Finders of S.C., 713 S.E.2d 634, 637 (S.C. 2011) (citing Ludwick v. This Minute of Carolina, Inc., 337 S.E.2d 213 (S.C. 1985)).

"The determination of what constitutes public policy is a question of law for the courts to decide." Id. at 638. The public policy exception "clearly applies" in cases where either: (1) the employer requires the employee to violate the law, or (2) the reason for the employee's termination itself is a violation of criminal law. Id. at 637 (citations omitted). However, the South Carolina Supreme Court has emphasized that "the public policy exception is not limited to these situations and that "an at-will employee may have a cause of action for wrongful termination even if the discharge itself did not violate

5

criminal law or the employer did not require the employee to violate the law." Id. (emphasis added). Besides acknowledging that the cause for action may exist outside of the two clearly established contexts, the South Carolina Supreme Court has provided little guidance regarding other situations in which the public policy exception may be applicable.

Additionally, "[t]he public policy exception does not . . . extend to situations where the employee has an existing statutory remedy for wrongful termination." Id.; see also Stiles v. Am. Gen. Life Ins. Co., 516 S.E.2d 449, 452 (S.C. 1999) (Toal, J., concurring) ("[The public policy] exception is not designed to overlap an employee's statutory or contractual rights to challenge a discharge, but rather to provide a remedy for a clear violation of public policy where no other reasonable means of redress exists.").

In her original complaint, Gray did not allege any particular public policy that American HomePatient violated by terminating her. Because of this, the magistrate judge correctly recommended that her complaint be dismissed. R&R 6; see McNeil v. S.C. Dep't of Corr., 743 S.E.2d 843, 847 (S.C. Ct. App. 2013) (holding that "a litigant must allege more than a general statement that her discharge violated public policy"). In her amended complaint, Gray contends that

> [i]t is a violation of the Public Policy in South Carolina to dismiss an employee because the employee assists with court directives, meets with court personnel at designated times, meets with victims advocates, meets with therapists, meets with expert witnesses, and takes the minor child and victim to said appointments as directed by the courts all in an effort to assist in the prosecution of a child molester.

Am. Compl. ¶ 23.

As noted by the R&R, to the extent that Gray asserts that American HomePatient terminated her for complying with a subpoena, South Carolina law provides a statutory remedy. South Carolina Code § 41-1-70 provides that

> any employer who dismisses or demotes an employee because the employee complies with a valid subpoena to testify in a court proceeding or administrative proceeding or to serve on a jury of any court is subject to a civil action in the circuit court for damages caused by the dismissal or demotion.

Therefore, Gray's cause of action fails as a matter of law to the extent it overlaps with state statutory law. See Frazier v. Target Corp., No. 2:09-cv- 01625, 2009 WL 3459221, at *3 (D.S.C. Oct. 27, 2009) (dismissing the plaintiff's public policy termination claim because she could seek statutory relief under S.C. Code § 41-1-70).

Gray also asserts that she was dismissed for participating in a number of seemingly voluntary activities related to various court proceedings, including meeting with victims' advocates, therapists, and expert witnesses. Am. Compl. ¶ 23. For a termination to be actionable, it must be "in violation of a clear mandate of public policy." Barron, 713 S.E.2d at 638 (emphasis added); cf. Ludwick, 337 S.E.2d at 216 (finding that the public policy of South Carolina was "manifestly reflected" in a particular statute (emphasis added)). "The primary source of the declaration of public policy of the state is the General Assembly; the courts assume this prerogative only in the absence of legislative declaration." Barron, 713 S.E.2d at 638 (quoting Citizens' Bank v. Heyward, 133 S.E. 709, 713 (S.C. 1925)); see also Greene v. Quest Diagnostics Clinical Labs., Inc., No. 2:05-cv-0811, 2006 WL 2864102, at *8 (D.S.C. June 19, 2006) ("[T]he South Carolina Supreme Court has only been willing to recognize as a public policy 'mandate' something tantamount to a judicial or legislative declaration of public policy."). The South Carolina Supreme Court has held that "for purposes of juridical application it may

7

be regarded as well settled that a state has no public policy, properly cognizable by the courts, which is not derived or derivable by clear implication from the established law of the state, as found in its Constitution, statutes, and judicial decisions." Batchelor v. Am. Health Ins. Co., 107 S.E.2d 36, 38 (S.C. 1959).

It is reasonable to require public policy to be expressed by the General Assembly or the judiciary. Without such a requirement, "any employee could circumvent the employment at-will doctrine by merely asserting a termination was retaliatory in violation of a clear mandate of public policy and contend it was a novel issue in this state." McNeil, 743 S.E.2d at 847. Indeed, if a plaintiff could maintain a cause of action for violation of public policy by simply alleging that a retaliatory termination violated South Carolina's public policy, there would be a substantial risk that the public policy exception would swallow the general rule allowing an employer to terminate an at-will employee at any time and for any reason.

Other courts in this district have held that a plaintiff's failure to identify the source of a clear mandate of public policy warrants dismissal. See Riley v. S. Care, Inc., No. 3:13-cv-00357, 2013 WL 1809788, at *6 (D.S.C. Apr. 29, 2013) ("Plaintiff does not direct the court to any other source of a clear mandate of public policy. Under these circumstances, the court finds that Plaintiff's claim for wrongful termination in violation of public policy fails as a matter of law."); Smalley v. Fast Fare, Inc., No. 8:88-cv-2185-3, 1988 WL 220237, at *2 (D.S.C. Dec. 22, 1988) ("[I]n the absence of an appropriate declaration by the South Carolina courts or the General Assembly, the Plaintiff has failed to establish any public policy of South Carolina allegedly violated by the Defendant."); see also Washington v. Perdue Farms, Inc., No. 4:07-cv-3552, 2009 WL 386926, at *12

(D.S.C. Feb. 13, 2009) ("The Plaintiff did not cite any case law to support her theory that 'requesting to see the doctor' is a public policy of South Carolina.").

Here, Gray does not direct the court to any source of a clear mandate of public policy regarding voluntary activities associated with the prosecution of a crime. Although the court recognizes that wrongful termination is not limited to situations where an employee was terminated for refusing to violate the law or where the termination was itself a violation of criminal law, Gray has failed to state a claim for wrongful termination in violation of public policy.

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R, **GRANTS** defendant's motion to dismiss as to plaintiff's claims for breach of contract and violation of public policy, **DENIES** defendant's motion to dismiss as to plaintiff's claim for violation of the FMLA, and **GRANTS** defendant's motion to strike.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**March 3, 2015
Charleston, South Carolina**